# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANA RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 16-4069-JWL |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) hypothetical questioning of the vocational expert, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth

---

[1]On Jan. 20, 2017, Nancy A. Berryhill, became Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I. Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 1, 2011. (R. 20, 198, 202). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the Administrative Law Judge (ALJ) erred in evaluating Plaintiff's condition under Listing 1.02 and provided an inadequate narrative discussion, that the evidence does not support his credibility determination, that he did not evaluate the medical opinions properly, and that his hypothetical questioning of the vocational expert did not relate with precision to the residual functional capacity (RFC) assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary here because the ALJ's hypothetical questioning of the vocational expert did not include his finding that Plaintiff "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English."  (R. 27) (finding no. 8).  The court also notes that the ALJ here did not provide extensive discussion which resolved the ambiguities regarding his findings, and consequently there is merit in other arguments made by the plaintiff.  For example, the ALJ did not explain how his finding that "there is no indication that the [plaintiff] has an inability to ambulate effectively," can be reconciled with his finding that she is unable

to climb ramps and stairs. (R. 24). Moreover, the ALJ did not explain how the inconsistencies (between Dr. Bean's statement that Plaintiff's noncompliance with medication was related to a lack of funds and Plaintiff's testimony that she was compliant with medication, or any of the other evidentiary inconsistencies) regarding Plaintiff's credibility would provide a basis to discount <u>Dr. Bean's medical opinion</u>. (R. 27). Because remand is clearly necessary to correct the error regarding hypothetical questioning, the court need not address the remaining allegations of error, and it will not provide an advisory opinion with regard to those issues. Nevertheless, the Commissioner should consider Plaintiff's remaining arguments and take steps to eliminate ambiguity in her decision after remand.

## II.     Hypothetical Questioning

Plaintiff claims that although the ALJ found Plaintiff unable to communicate in English, he did not include that fact in any hypothetical scenario presented to the vocational expert. (Pl. Br. 33). She argues that although a Spanish interpreter was used at the hearing Plaintiff's ability to communicate in English was never discussed, and even though the vocational expert testified that the representative jobs were suited to an individual who could not read or write English, she did not testify that they can be performed by someone who is unable to understand or speak English orally. <u>Id.</u>

The Commissioner argues that the hypothetical questioning included all facts necessary to the decision. (Comm'r Br. 15). She points out that the ALJ specifically noted the use of the interpreter and that the vocational expert was present in the hearing

room with Plaintiff and the interpreter.  Id.  She argues that all of the representative jobs mentioned are unskilled jobs and "the inability to communicate in English 'has the least significance' in unskilled jobs."  Id. (quoting 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 201.00(i)).  She notes that ability to communicate in English is an "education" factor and the ALJ included in his hypothetical scenarios an individual with education similar to Plaintiff.  Id. 15-16.  Finally, she argues that any error in failing to include inability to communicate in English is harmless because all of the representative jobs include math and language levels of one, and the vocational expert testified that in such jobs "the need to communicate through written form [was] minimal."  Id. at 16 (quoting R. 66).

In her Reply Brief Plaintiff points out that even though the vocational expert was aware of the interpreter at the hearing, and the ALJ included a hypothetical person with education similar to Plaintiff, there is no authority for the expert to add limitations such as inability to communicate in English based merely on her observation of the plaintiff at the hearing.  (Reply 9).  Moreover, she points out that the work summary prepared by the expert before the hearing reflected a twelfth grade education, Plaintiff testified at the hearing she completed the ninth grade, and there is nothing from which the vocational expert should assume an inability to communicate in English even if she had the authority to do so.  Id. at 9-10.  Finally, she argues that even though the expert testified that the representative jobs required minimal communication in written form, the inability to communicate includes verbal communication, and the expert did not testify that the jobs did not require verbal instructions or communication.  (Reply 10).

"'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision.'" Gay v. Sullivan, 986 F.2d 1336, 1340 (10th Cir. 1993) (citing Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir. 1990))).

As Plaintiff argues, the ALJ found that Plaintiff is unable to communicate in English. (R. 27). And, as the ALJ noted in his decision, an individual who is unable to communicate in English will be considered in the same manner as an individual who is illiterate. (R. 27) (citing 20 C.F.R. §§ 404.1564, 416.924). As Plaintiff points out, an individual who is unable to communicate in English, is limited to sedentary, unskilled work, and who is 45-49 years of age, must be found disabled in accordance with the Medical-Vocational Guidelines (the Grids). 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 201.17. And, the regulations indicate that "the functional capability for a full range of sedentary work represents sufficient numbers of jobs to indicate sufficient numbers of jobs for those individuals age 18-44 even if they are illiterate or unable to communicate in English." Id. § 201.00(i) (emphases added). The regulations recognize that "[t]he capability for light work, which includes the ability to do sedentary work, . . . represents substantial vocational scope for younger individuals (age 18-49) even if illiterate or unable to communicate in English." Id. § 201.00(g).

But, the ALJ found that Plaintiff could do a limited range of light work, and Plaintiff became 45 years of age almost a year before the decision in this case. Thus,

Plaintiff's situation lies between the Grid rules.  It is just such situations where use of a vocational expert may be necessary to fill the gaps.  And the ALJ properly chose to use a vocational expert in this case.  But he did not inform the expert completely regarding the educational level upon which he eventually relied in his decision.  Therefore, the reader of his decision, such as a reviewing court, cannot ascertain whether the representative jobs relied upon can be performed by an individual 45 or over who is unable to communicate in English.

As Plaintiff suggests, the court may not assume that the vocational expert saw that Plaintiff was using an interpreter and assumed an inability to communicate in English.  First, the use of an interpreter does not imply an <u>inability</u> to communicate in English.  Many times interpreters are used in hearings merely for clarity or to enable hearings to proceed more expeditiously.  And, for the vocational expert to assume an inability to communicate in English and to rely upon that assumption as a part of the hypothetical without being instructed to do so would violate her duty as an expert and would render review of such testimony impossible.  Finally, the Commissioner's argument that the ALJ instructed the expert to consider a hypothetical individual with education similar to the Plaintiff merely complicates the problem.  As Plaintiff points out, in addition to failing to instruct the expert that Plaintiff is unable to communicate in English, the ALJ did not inform the expert how much formal education to consider for the hypothetical individual despite being aware of inconsistent evidence in that regard.  (R. 26) (noting Plaintiff variously reported four years, nine years, and twelve years of formal education).

Remand is necessary to resolve these issues. Plaintiff argues that "[r]emand for an award of benefits is appropriate in this case" (Pl. Br. 35) because the record is fully developed "and substantial and uncontradicted evidence establishes that the plaintiff is disabled." Id. at 35-36. She argues that "even if the plaintiff were capable of the full range of sedentary work . . . she would [have been] disabled under Rule No. 201.17" of the Grids on her 45th birthday. Id. at 36.

Plaintiff is correct that whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). And, the decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). In this case, however, the evidence of disability is not uncontradicted. At the very least, and as Plaintiff acknowledges, Dr. Parsons, the state agency non-examining physician, opined that Plaintiff is capable of a range of light work. (R. 102-05, 114-17). Moreover, as explained above, the grid rules are not determinative in this case. Therefore, the court will remand for further proceedings.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 22nd day of March 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**